SCHOTT, Chief Judge,
concurring:
On July 2, 1991, the bond forfeiture notification was mailed to the surety and the affidavit and certified mail receipt by the surety were filed on July 10. On August 20, the surety filed the motion to rescind the forfeiture and this motion was set for hearing on August 22. The surety failed to appear and its motion was dismissed. *785 The defendant was present, but left the courtroom without being arrested or detained. Not until January 9, 1992, did the surety orally file its second motion to rescind the forfeiture and followed up on February 6 with a written motion. The trial court granted this motion.
R.S. 15:85(A)(3) provides that the bond shall be set aside upon the surrender or the appearance of the defendant. The minute entry for the August 22, 1991 hearing reports that the defendant appeared in court for the hearing. Ipso facto the bond forfeiture had to be set aside. The state argues that the surety was barred by R.S. 15:85(A)(2)(a)’s sixty day provision for an "appeal” from attacking the forfeiture, but this paragraph specifically excludes from its application the rights granted in R.S. 15:85(A)(3).